UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MUHAMMAD I-S, | : | |
| | : | |
| Petitioner, | : | Civ. No. 19-20469 (KSH) |
| | : | |
| v. | : | |
| | : | |
| ORLANDO RODRIGUEZ, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**HAYDEN, United States District Judge**

**I.    INTRODUCTION**

Petitioner Muhammad I-S[1] ("Petitioner" or "Muhammad") is proceeding with a counseled petition for writ of habeas corpus. He is challenging his ongoing immigration detention since November 20, 2018 pursuant to 28 U.S.C. § 2241. (*See* Pet., DE 1.) For the reasons stated herein, the Court will deny the habeas petition.

**II.   BACKGROUND**

Muhammad is a citizen of Pakistan who crossed the border on November 20, 2018 and claimed asylum. (*See* Pet., DE 1 at 5.) Muhammad has been in immigration detention since that time. (*See id.*; *see also* Answer Ex. 2, DE 4-2 at 1.)

Muhammad subsequently underwent a credible fear interview. (*See* Pet. Ex. E, DE 1-1 at 144.) On December 14, 2018, Muhammad was served with a notice to appear. (*See* Pet. Ex. E, DE 1-1 at 140.) The notice to appear stated that Muhammad was "an alien present in the United States who has not been admitted or paroled. You are an applicant for admission." (*See* Answer

---

[1] Due to privacy concerns about the personal information often filed in § 2241 immigration detention habeas cases, the Court will identify Petitioner only by his first name and the first initials of his surnames.

Ex. A, DE 4-1 at 1.)  The addendum to the notice of custody determination dated January 3, 2019 indicated that Muhammad's detention was discretionary based on Section 236(a) of the Immigration and Nationality Act ("INA").  (*See* Answer Ex. A, DE 4-1 at 6.)

On February 5, 2019, the Immigration Judge ("IJ") denied Muhammad bond after determining that he was a flight risk.  (*See* Pet., DE 1 at 5; *see also* Answer, DE 4 at 5.)  Muhammad did not appeal this bond denial to the Board of Immigration Appeals ("BIA").  (*See* Pet., DE 1 at 5.)  Muhammad filed a bond redetermination motion on April 3, 2019.  (*See* Pet. Ex. G, DE 1-1 at 178.)  On April 9, 2019, the IJ denied Muhammad's motion for a bond redetermination noting that he "failed to establish that circumstances have materially changed since the prior bond redetermination."  (*See* Answer Ex. D, DE 4-4 at 1.)  Muhammad did not appeal this denial to the BIA.  (*See* Reply, DE 5 at 12.)

On April 10, 2019, the IJ ordered Muhammad's removal to Pakistan.  (*See* Answer Decl. Burgus, DE 4-8 at 2.)  On September 19, 2019, the BIA remanded the matter back to the IJ for further proceedings.  (*See* Answer Ex. E, DE 4-5.)

On November 13, 2019, Muhammad filed another motion for bond redetermination.  (*See id.* Decl. Burgus, DE 4-8 at 2.)  On November 14, 2019, the IJ denied Muhammad's second motion for bond redetermination stating that Muhammad had "failed to establish that circumstances have materially changed since the prior bond hearing.  [Muhammad] is a flight risk."  (*See* Answer Ex. F, DE 4-6 at 2.)  Muhammad again did not appeal this denial to the BIA.  (*See* Reply, DE 5 at 12.)

On December 31, 2019, the IJ again ordered Muhammad's removal to Pakistan. (*See* Answer Ex. C, DE 4-3.)  Muhammad filed an appeal of this denial to the BIA where it remains pending.

Muhammad filed this counseled habeas petition on November 18, 2019 as his immigration proceedings were ongoing. (*See* Pet., DE 1.) Muhammad seeks his immediate release from immigration detention, or, alternatively, that this Court order a bond hearing before an IJ. (*See id.* at 39-40.) Muhammad seeks relief relying on 8 U.S.C. § 1226(a) and 8 U.S.C. § 1225(b). (*See id.* at 30-39.)

Respondent filed its answer in opposition to the habeas petition on January 10, 2020. (*See* Answer, DE 4.) Respondent asserts that Muhammad is lawfully detained under § 1226(a). (*See* Answer, DE 4 at 10-14.) Muhammad filed a reply on February 10, 2020. (*See* Reply, DE 5.) In his reply, Muhammad admits that the original bond decision from February 5, 2019 was a lawful discretionary decision. (*See id.* at 15.) Nevertheless, he claims that the two subsequent bond redetermination denials were devoid of due process. (*See id.*)

### III.  ANALYSIS

A. Legal Standard

Habeas relief may be extended to an immigration detainee who "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989). This Court has jurisdiction because Muhammad is currently detained within this Court's jurisdiction by a custodian within its jurisdiction and claims, by way of his § 2241 habeas petition, that his continued detention is unconstitutional. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 494-95, 500 (1973); *see also Zadvydas v. Davis*, 533 U.S. 678, 699 (2001).

B. § 1226(a) Discussion

Section 1226(a) "authorizes the Attorney General to arrest and detain an alien 'pending a decision on whether the alien is to be removed from the United States." *Jennings v. Rodriguez*,

138 S. Ct. 830, 847 (2018) (quoting 8 U.S.C. § 1226(a)).  The Attorney General "may release" the alien on bond or parole provided the alien can make the requisite showing under the applicable regulations.  *See id.*  Under those regulations, an alien may only be released on bond where he meets his burden of showing, to the satisfaction of an immigration judge, that he "would not pose a danger to property or persons" and that he is not a flight risk.  8 C.F.R. § 236.1(c)(8).  In addition to an appeal of a bond decision to the BIA, an alien who was denied bond may also file a motion before the immigration judge for custody redetermination, but bond will only be granted under those circumstances where the petitioner can show that there has been a material change in circumstances.  *See* 8 C.F.R. § 1003.19(e).

When an alien has received a bona fide bond hearing – i.e., a bond hearing providing him meaningful process under § 1226(a) and the applicable regulations that is not otherwise unconstitutional or unlawful – district courts have no authority to grant the alien relief from his detention under 8 U.S.C. § 1226(a).  *See Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277-80 (3d Cir. 2018); *see also* 8 U.S.C. § 1226(e) ("[n]o court may set aside any action or decision by [immigration officials] under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole"); *Marroquin v. Green*, 2017 WL 4516467, at *2 (D.N.J. Oct. 6, 2017) (where § 1226(a) detainee shows he was denied due process at his bond hearing, the only proper relief is a new bond hearing, district courts have no jurisdiction to overrule the denial of a bond absent such a showing); *Pena v. Davies*, No. 15-7291, 2016 WL 74410, at *2 (D.N.J. January 5, 2016).  Thus, once an alien has received a bond hearing before an IJ, this Court may neither review and set aside the immigration judge's determination as to bond, nor order a second bond hearing without proof of some "constitutional defect" or other legal violation that in some way rendered the bond hearing the petitioner received less than bona fide.

4

*See Borbot*, 906 F.3d at 279; *Pena*, 2016 WL 74410 at *2-3; *Harris v. Herrey*, No. 13-4365, 2013 WL 3884191, at *1 (D.N.J. July 26, 2013).

Muhammad admits that his February 5, 2019 bond denial was a lawful discretionary decision. (*See* Reply, DE 5 at 15.) Nevertheless, he claims the IJ's denials on his motions for bond redetermination lacked due process. More specifically, he claims his due process rights were violated because he was not permitted to present witnesses on these motions by the IJ and that the IJ denied the motions from chambers without receiving a reply from the government. (*See id.*)

Muhammad's allegations regarding a lack of due process during these bond redetermination proceedings are insufficient to warrant habeas relief. First, as indicated above, Muhammad received a bond hearing in February, 2019 that he admits was lawful. He cites to no relevant authority that he was entitled to present witnesses at his bond *redetermination* proceedings. His claim that the IJ denied his bond redetermination motions without sufficiently considering the merits of his requests is argumentative and speculative. Muhammad is basically asking this Court to directly review the IJ's bond redetermination decisions on their merits, something that Congress has expressly prohibited. *See Borbot*, 906 F.3d at 279.[2] Furthermore, it is worth noting that the IJ's April 9, 2019 order denying Muhammad's first motion for bond redetermination stated that Muhammad failed to establish that circumstances had materially changed since the prior bond redetermination. (*See* Reply, Ex. D, DE 4-4 at 1.) The IJ's subsequent November 14, 2019 order denying Muhammad's second motion for bond redetermination similarly stated that Muhammad had failed to establish that circumstances had materially changed since his prior bond hearing. (*See* Reply, Ex. F, DE 4-6 at 2.) The standard

---

[2] Muhammad's arguments that the bond redetermination decisions violated his due process rights because the IJ failed to consider his motions on the merits amount to nothing more than conjecture. This conjecture is also certainly insufficient to establish that Muhammad has met his burden of proof for habeas relief.

5

cited by the IJ is precisely the standard to be used from the applicable regulations. *See* 8 C.F.R. § 1003.19(e).

Additionally, Muhammad admits he never appealed the IJ's denials on bond redetermination to the BIA. (*See* Reply, DE 5 at 12.) The BIA is the proper administrative body with authority to review the IJ's decisions based on the arguments Muhammad is making, not this Court. *See Hugo A. A. Q. v. Green*, No. 17-5755, 2018 WL 3993456, at *3 (D.N.J. Aug. 21, 2018) ("[t]o the extent Petitioner is dissatisfied with the IJ's decision at his ... bond hearing, his remedy is to appeal that decision to the BIA ...."). Accordingly, for the foregoing reasons, to the extent Muhammad's detention is premised on § 1226(a), he fails to show that he is entitled to habeas relief.

C. § 1225(b) Discussion

As previously noted, Muhammad's habeas petition also appears to challenge his immigration detention by claiming that his detention is based on 8 U.S.C. § 1225(b). That statutory provision relates to aliens who have not been admitted or paroled. *See id.* Even if this Court were to assume *arguendo* that Muhammad is being detained pursuant to § 1225(b), he would not be entitled to habeas relief.

Detention is mandated for an applicant for admission pending removal proceedings or further consideration of an asylum petition where the applicant does not possess valid entry or travel documents when they arrive. *See* 8 U.S.C. § 1225(b)(2)(A); *see also Jennings*, 138 S. Ct. at 842-46. Recently, the United States Supreme Court's decision in *Jennings* held that "nothing in the statutory text [of § 1225(b)] imposes any limit on the length of detention" and that nothing in the statute "says anything whatsoever about bond hearings." *Jennings*, 138 S. Ct. at 842. Significantly, however, *Jennings* did not determine whether individuals facing prolonged

6

detention under § 1225(b) are entitled to bond hearings as a matter of due process. *See id.* at 851; *see also Otis V. v. Green*, Civ. No. 18-742, 2018 WL 3302997, *6 (D.N.J. July 5, 2018) (noting that *Jennings* did not address whether "those detained under the statute, as applicants for admission, possess some rights under the Due Process Clause which may be impugned should detention under the statute become unduly and unreasonably prolonged."). "Indeed, neither the Supreme Court nor the Third Circuit has addressed whether due process requires a detainee, being held pursuant to § 1225(b), to receive a bond hearing following a certain period of detention, and this Constitutional issue remains expressly undecided." *Pierre v. Doll*, 350 F. Supp. 3d 327, 331 (M.D. Pa. 2018). Nevertheless, courts within this District have continued to utilize an as applied constitutional challenge in determining whether prolonged detention under § 1225(b) has become unreasonable. *See Adel G. v. Warden, Essex Cty. Jail*, No. 19-13512, 2020 WL 1243993, at *2 (D.N.J. Mar. 13, 2020), where Judge McNulty canvassed decisions and determined a detention for a period of three years to be unreasonable.

Muhammad was given a bond hearing in February, 2019 that he does not challenge was a lawful discretionary decision. After that, he had two bond redetermination motions decided by the IJ. Thus, he was given more due process than he would have been entitled to under § 1225(b), which generally does not permit a bond hearing. While this Court can grant via a habeas petition a bond hearing for individuals detained under § 1225(b), such relief would only be warranted where detention, *in the absence of a bond hearing*, becomes so prolonged that that it becomes arbitrary and a violation of due process as applied to a petitioner. Because Muhammad has already had a bona fide bond hearing as well as two bond redeterminations motions decided, that issue simply does not exist. Accordingly, Muhammad fails to show that he is entitled to habeas relief even under this proposed alternative basis for his immigration detention.

7

## IV. CONCLUSION

For the foregoing reasons, Muhammad's habeas petition is denied. An appropriate order will be entered.

DATED:  April 22, 2020                                  s/ Katharine S. Hayden
                                                                               KATHARINE S. HAYDEN
                                                                               United States District Judge